# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Keyo Jennings, ) | |
| ) | Case No.: 2:09-cr-595-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on several motions relating to federal prisoner Keyo Jennings' pursuit of relief from his sentence under 28 U.S.C. § 2255. First, Jennings has filed a § 2255 motion seeking relief under *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013) (ECF No. 58). Second, the Government has filed a motion to dismiss Jennings' § 2255 motion (ECF No. 65). Third, Jennings has filed a supplemental motion for § 2255 relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 71), which the Court treats as a motion to amend Jennings' original § 2255 motion. Fourth, Jennings has filed a motion to be released on bond pending the Court's decision on this matter (ECF No. 73). Fifth, and finally, the United States ("Government") has filed a motion to stay proceedings pending the Supreme Court's decision in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015) (per curiam), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544) (ECF No. 72). Having thoroughly reviewed the record, the Court finds these matters suitable for disposition without a hearing. For the reasons stated herein, the Court grants Jennings' motion to amend, dismisses his § 2255 motion in part, denies his motion for release, and grants the Government's motion to stay.

**BACKGROUND/PROCEDURAL HISTORY**

In July 2009, Jennings pled guilty to possessing a firearm after being convicted of a felony. *See* 18 U.S.C. § 922(g)(1). In his § 2255 motion, Jennings attacks the sentence this Court imposed for that crime.

Section 2K2.1 of the Guidelines addresses felon-in-possession offenses. That section sets a default base offense level of 12 for violations of § 922(g). *See* U.S.S.G. § 2K2.1(a)(7) (2008). However, that base offense level increases when certain aggravating factors are present. For example, defendants can face increased base offense levels when, *inter alia*, their criminal histories include felony convictions for crimes of violence. *See id.* § 2K2.1(a)(1)–(4). Jennings' prior criminal history included two convictions in South Carolina state court for assault and battery of a high and aggravated nature (ABHAN). At Jennings' January 2010 sentencing, this Court found that those two ABHANs constituted "crimes of violence," giving Jennings a base offense level of 24. *See* § 2K2.1(a)(2). Jennings' § 2255 motion challenges that finding.

After applying other portions of the Guidelines, the Court ultimately determined Jennings' recommended prison sentence range was 100–120 months and imposed a 120-month sentence. Jennings appealed. The Fourth Circuit affirmed. *United States v. Jennings*, 402 F. App'x 799 (4th Cir. 2010) (per curiam).

Three years later, the Supreme Court's decision in *Descamps* led the Fourth Circuit to hold in *Hemingway* that South Carolina ABHAN does not constitute a "violent felony" under the Armed Career Criminal Act ("ACCA"). *See* 734 F.3d at 338. The ACCA's definition of "violent felony" is nearly identical to the definition of "crime of violence" that applies to § 2K2.1. *Compare* 18 U.S.C. § 924(e)(2)(B) *with* U.S.S.G. § 4B1.2(a). Seizing on that similarity , Jennings filed his § 2255 motion in June 2014, arguing that under *Descamps* and

*Hemingway*, this Court improperly used his ABHAN convictions to apply the increased base offense level.

Because there is a one-year limitation period on the filing of § 2255 motions, *see* 28 U.S.C. § 2255(f), the fact that Jennings sought relief over three years after his conviction became final seemed problematic. However, Jennings filed his motion shortly after a panel of the Fourth Circuit issued an opinion indicating that his *Hemingway* claim may have been subject to equitable tolling. *See Whiteside v. United States*, 748 F.3d 541 (2014) ("*Whiteside I*"). Because the Fourth Circuit later granted rehearing *en banc* for *Whiteside I*, this Court stayed this matter pending the results of that *en banc* review. After the *en banc* Fourth Circuit reversed the panel decision in *Whiteside*, *see* 775 F.3d 180 (2014) ("*Whiteside II*"), the Government moved to dismiss Jennings' § 2255 motion as untimely.

By the time the Government moved to dismiss, the Supreme Court had issued *Johnson*, which invalidated a portion of the ACCA's violent-felony definition. *See* 135 S. Ct. at 2563. When Jennings responded to the Government's motion to dismiss, he suggested that, after *Johnson*, his sentence was no longer constitutional. After the Supreme Court made *Johnson* retroactively applicable to collateral challenges of ACCA-enhanced sentences, *see Welch v. United States*, 136 S. Ct. 1257 (2016), Jennings filed a *pro se* motion[1] formally asserting a *Johnson* claim.

The Government has not yet directly responded to Jennings' *pro se* motion. Rather, it has filed a motion to stay this matter again while the Supreme Court considers *Beckles*, a case involving the potential retroactivity of *Johnson* to certain Guidelines-enhanced sentences. Jennings counters that he should be released on bond while this matter is pending. The Government has responded to Jennings' release motion.

---

1. Jennings has been represented by counsel throughout this § 2255 proceeding.

As this unusual procedural history indicates, the motions are now ripe for consideration.

## DISCUSSION

The matters most immediately demanding the Court's attention are Jennings' motion for release and the Government's motion to stay. However, to analyze those motions properly, the Court must first clarify what claims are at issue here. Because it cannot make that clarification without resolving Jennings' motion to amend and the Government's motion to dismiss, it addresses those two motions first.

### I.     Jennings' Motion to Amend

As noted above, Jennings has counsel in this proceeding, and she is zealously advocating his interest in obtaining a shorter prison sentence. Jennings, however, has also filed a *pro se* motion seeking relief under *Johnson*. In accordance with the requirement of construing *pro se* filings liberally, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the Court construes the motion as one to amend Jennings' original § 2255 motion to add a *Johnson* claim.

Generally speaking, district courts apply the Federal Rules of Civil Procedure in § 2255 proceedings. Fed. R. Civ. P. 81(a)(3). Here, it is appropriate to analyze Jennings' motion to amend under Rule 15(a)(2), which allows amendment of pleadings "only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires."

The Government has not explicitly consented in writing to the addition of a *Johnson* claim. However, the Court sees no prejudice to the Government in allowing the claim, there is no evidence that Jennings has sought amendment in bad faith, and, with *Beckles* pending, the Court cannot say that amendment would be futile. *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the

4

amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."). Therefore, the Court grants Jennings' motion to add a *Johnson*-based challenge to his § 2255 motion.

## II.    The Government's Motion to Dismiss

With Jennings' motion to amend granted, Jennings has now presented the Court with two theories of relief from his sentence: one based on *Descamps* and *Hemingway*, and another based on *Johnson*. The Government contends Jennings is time-barred from asserting the former theory and therefore the Court should dismiss that portion of Jennings' § 2255 motion.[2]

As previously mentioned, there is a one-year limitation period for filing § 2255 motions. That period runs from the latest of the following four dates:

(1)    the date on which the judgment of conviction becomes final;
(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Jennings cannot satisfy any of these four dates. He filed his § 2255 motion well more than a year after his conviction became filed, and there is no indication that some illegal government conduct prevented him from filing his motion. Neither *Descamps* nor *Hemingway*

---

2.    Although the Government labeled its motion as one seeking dismissal, it concludes its motion by asking the Court to grant summary judgment. Accordingly, the Court construes the motion as one made pursuant to Rule 56.

have been made retroactively applicable to cases on collateral review.[3] *Holman v. Thomas*, No. 1:14-cv-2554-RBH, 2014 WL 6809748, at *4 (D.S.C. Dec. 3, 2014), *appeal dismissed* (Apr. 21, 2015). Likewise, those two cases do not constitute new "facts" under § 2255(f)(4). *Whiteside II*, 775 F.3d at 183.

With few exceptions, "[i]f a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003). Subsection 2255(f)'s limitation period may be equitably tolled, but only in extraordinary circumstances not present here. *See Whiteside II*, 775 F.3d at 184–85 (rejecting argument that change in Fourth Circuit's law warranted equitable tolling of limitations period). Accordingly, the Court dismisses Jennings' § 2255 motion to the extent it seeks relief directly under *Descamps* and *Hemingway*.

That leaves Jennings' *Johnson* claim, which the Government has not moved to dismiss. With that one remaining claim in mind, the Court turns to the last two motions under consideration.

### III.     The Government's Motion to Stay

The Supreme Court is poised to decide in *Beckles* whether *Johnson*'s holding extends to U.S.S.G. § 4B1.2(a)(2) and whether *Johnson* applies retroactively to collateral challenges of sentences enhanced under § 4B1.2(a)(2)'s residual clause. Subsection 4B1.2(a) provides the definition of "crime of violence" for § 2K2.1. U.S.S.G. § 2K2.1, cmt. n.1. The Government contends the Supreme Court's decision in *Beckles* will affect the outcome of Jennings' § 2255 motion and therefore this Court should stay proceedings until that decision is issued.

---

3.    Moreover, *Hemingway* is not a Supreme Court decision and thus, even if retroactive, could not reset the limitations clock under § 2255(f)(3). *Lamkin v. United States*, No. 3:02-cr-852-MBS, 2015 WL 5089577, at *2 (D.S.C. Aug. 26, 2015).

In making that request, the Government appears to agree with Jennings that his ABHAN convictions could have fit only within § 4B1.2(a)(2)'s residual clause.[4] Accordingly, what the Supreme Court decides in *Beckles* may well dictate the result here.  Like other members of this Court, the undersigned finds it appropriate to wait on that potentially controlling decision.  *See, e.g.*, *United States v. Brice*, No. 3:12-cr-850-CMC, slip op. (D.S.C. Aug. 9, 2016); *United States v. Sheppard*, No. 8:11-cr-816-HMH-1, slip op. (D.S.C. July 11, 2016); *United States v. Carpenter*, No. 3:07-cr-1521-JFA, slip op. (D.S.C. June 30, 2016); *United States v. Mason*, No. 4:07-cr-1423-RBH, text order (D.S.C. July 6, 2016).  Accordingly, the Court will stay proceedings until the Supreme Court decides *Beckles* or one of the parties moves for the stay to be lifted.

### IV.     Jennings' Motion for Release

Finally, Jennings asks the Court release him on bond pending the resolution of his § 2255 motion.  Federal courts have the inherent power to grant bail to petitioners in post-conviction habeas proceedings.  *DeAngelis v. South Carolina*, 330 F. Supp. 889, 892 (D.S.C. 1971) (§ 2254 case); *see also Geddings v. United States*, No. 5:06-CR-136-D, 2010 WL 2639920, at *2 (E.D.N.C. June 29, 2010) (noting federal courts have the power to release § 2255 petitioners pending the resolution of their motions).  That power, however, "is to be used very sparingly." *United States v. Blankenship*, No. 12-00641 HG-01, 2016 WL 3579077, at *3 (D. Haw. June 28, 2016) (citing *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)); *see also DeAngelis*, 330 F. Supp. at 892 (stating the power to grant bail in collateral post-conviction challenges "ought to be carefully exercised").  Thus, "[b]efore a prisoner may be released on bail pending a

---

4.   If the Court has misinterpreted the Government's position, the Government may, at any time before *Beckles* is decided, file a motion asking the Court to lift the stay and dismiss on grounds unrelated to *Johnson* or *Beckles*.

collateral attack on his conviction, he must show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *United States v. Eliely*, 276 F. App'x 270, 270 (4th Cir. 2008) (per curiam).

Whatever may be said about the substantiality of Jennings' claim or about its likelihood of success, Jennings has not identified any exceptional circumstances compelling his release at this time. Therefore, the Court denies his motion.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Jennings' motion to amend is **GRANTED**, that the Government's motion to dismiss is **GRANTED IN PART**, that the Government's motion to stay is **GRANTED**, and that Jennings' motion for release is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**October 19, 2016**
**Charleston, South Carolina**

8